UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TORREY D. WALKER,

    Plaintiff,

v.                                Case No:   2:20-cv-87-FtM-29MRM

KEITH R. KYLE, The Administrative Judge of the 20th Judicial Circuit,

    Defendant.

**ORDER**

This matter comes before the Court on *pro se* Plaintiff's pleading titled "Objection" (Doc. #10) filed February 28, 2020. Plaintiff, citing to "Federal Civil Rule 12(4)(A)" objects "to all the grounds" in the Court's February 20, 2020 Order of Dismissal. (Doc. #10 at 1). Because the pleading was filed within twenty-eight (28) days of judgement (Doc. 8), the Court liberally construes the Objection as a motion under Fed. R. Civ. P. 59(e). The Court dismissed this action on two grounds. First, due to Plaintiff's three-strike status, the Court determined Plaintiff could not proceed *in forma pauperis* and dismissed Plaintiff's Complaint under 28 U.S.C. § 1915(g). (Doc. #7 at 2). Second, the Court found that absolute judicial immunity barred Plaintiff's claim against Twentieth Judicial Circuit Judge Keith R. Kyle. (Doc. #7 at 3).

Plaintiff claims the Court erred when it dismissed his complaint under 28 U.S.C. § 1915(g). Plaintiff does not dispute that the cases qualify as a strike for 28 U.S.C. § 1915(g) but disputes he filed the cases cited by the Court finding Plaintiff a three-striker. (Doc. #10 at 2-3). Plaintiff further argues the Court erred because the Court construed the Complaint only against Twentieth Judicial Circuit Judge Bruce Kyle, and his Complaint also named the "Administrative Judge" of the Twentieth Judicial Circuit as a separate defendant. (Doc. #10 at 6-7).

Plaintiff also filed a "Motion" (Doc. #11) on March 17, 2020, in which he cites to the Federal Rules of Evidence and requests to "be heard on his Complaint." To the extent discernable, Plaintiff requests the Court to let him proceed on his Complaint due to the errors identified in his construed Rule 59 motion.

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting In re Kellogg, 197 F.3d 1116, 1119 (11th Cir. 1999)). Although Plaintiff denies filing the actions identified by the Court, the Court takes judicial notice of its records that evidence the three civil actions referenced by the Court in its February 20, 2020 Order were each filed in the same name of the Plaintiff (Torrey D. Walker) with the same inmate number assigned to Plaintiff by the Florida Department of Corrections (Y11735). The Court finds no

reason to reconsider its findings that Plaintiff filed the three actions and was barred from proceeding *in forma pauperis* under § 1915(g).

The Court construed Plaintiff's *pro se* Complaint as naming Circuit Court Judge Bruce Kyle as the sole defendant. The Court takes judicial notice that the Twentieth Judicial Circuit does not have an "Administrative Judge."[1] Plaintiff alleges Judge Kyle improperly dismissed his state civil action at 17-CA-2816 without affording him a hearing which contravened the state court's standing orders and case management plan.[2]

In Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005), the Eleventh Circuit explained:

> Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity.

---

[1] https://www.ca.cjis20.org/home/lee/leehome.asp.

[2] The Court takes judicial notice on March 15, 2018, Judge Bruce Kyle dismissed Plaintiff's civil action with prejudice against Stephen Russell, State Attorney for the Twentieth Judicial Circuit, Assistant State Attorney Anthony Kunasek, Assistant State Attorney for the Twentieth Judicial Circuit, and The Honorable Tomas S. Reece. The court further found Plaintiff was a "vexatious litigant" as defined under Florida Statute Section 68.093. https://matrix.leeclerk.org/Case/DocView.

Id.  "[T]he district court may dismiss a claim based on absolute judicial immunity if it represents an 'obvious bar' based on the allegations in the complaint." Williams v. Alabama, 425 F. App'x 824, 825 (11th Cir. 2011).  Regardless of which state judge took the actions of which Plaintiff complains, the alleged actions were taken within their jurisdiction and judicial capacity and the judge has absolute judicial immunity.  Allen v. Florida, 485 F. App'x 841, 843 (11th Cir. 2012).  Thus, the Court finds no reason to reconsider its finding that the Plaintiff's Complaint should be dismissed under §1915(e)(2)(B)(ii).  Because the Court denies Plaintiff's Rule 59 motion, Plaintiff Motion to proceed is denied as moot.

Accordingly, it is hereby

**ORDERED:**

1.   Plaintiff's pleading titled "Objection" (Doc. #10) construed as a Rule 59 Motion is **DENIED.**

2.   Plaintiff's Motion (Doc. #11) is **DENIED as moot.**

**DONE and ORDERED** at Fort Myers, Florida, this __28th__ day of April, 2020.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA:  FTMP-1
Copies:
Counsel of Record